# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

AMIR KHILLAH,

    Plaintiff,

v.

CITY OF KALAMAZOO,
a Municipal Corporation,

    Defendant.

Case No. 1:18-cv-00696-JTN-ESC

Hon. Janet T. Neff

---

| | |
|---|---|
| Michael L. Pitt (P24429)<br>PITT, MCGEHEE, PALMER & RIVERS, P.C.<br>Attorney for Plaintiff<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>248-398-9800<br>mpitt@pittlawpc.com<br><br>Kevin M. Carlson (P67704)<br>KEVIN M. CARLSON PLLC<br>Attorney for Plaintiff<br>P.O. Box 6028<br>Plymouth, MI 48170<br>734-386-1919<br>kevin@kevincarlsonlaw.com | OFFICE OF THE KALAMAZOO CITY ATTORNEY'S OFFICE<br>RICHARD O. CHERRY (P77272)<br>SARAH R. WENZLICK (P79316)<br>Attorney for Defendant<br>241 W. South Street, Ste. 301<br>Kalamazoo, MI 49007<br>269-337-8185<br>cherryr@kalamazoocity.org<br>wenzlicks@kalamazoocity.org |

---

## DEFENDANT'S FOURTH REQUEST FOR A PRE-MOTION CONFERENCE

NOW COMES Defendant, through its attorney, Deputy City Attorney, Richard O. Cherry, pursuant to this Court's March 30, 2020 order [ECF No. 46] files this request for a Pre-Motion Conference, Defendant states as follows:

1. There is no genuine dispute as to any material facts alleged in Plaintiff's complaint. As such, Defendant intends to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a).

2. Plaintiff cannot meet the necessary elements to establish a prima facie case of discrimination under Title VII or ELCRA. Further, even if Plaintiff established a prima facie case of discrimination, Defendant investigated Plaintiff's claim and took steps for corrective action. Plaintiff also cannot show that the legitimate non-discriminatory reasons for discharge were pretext especially considering the results of Plaintiff's arbitration.

3. Plaintiff cannot prove the necessary elements to establish a prima facie case under the Whistleblower Protection Act as Plaintiff cannot show a causal connection between Plaintiff's alleged protected activity and his suspension and subsequent termination. Further, even if Plaintiff established a prima facie case, Defendant had legitimate, non-retaliatory reasons for the actions taken and Plaintiff cannot establish that those reasons are a pretext for unlawful retaliation.

4. The City of Kalamazoo exercised reasonable care to prevent and correct promptly any alleged racially harassing behavior by its supervisor, and Plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid the harm. *See Burlington Indus. v. Ellerth*, 524 U.S. 742, 765, (1998).

5. Plaintiff cannot prove the necessary elements to establish a prima facie case under Title VII or ELCRA of retaliation as Plaintiff cannot show a causal connection between Plaintiff's complaints of discrimination and his suspension and subsequent termination. Further, even if Plaintiff established a prima facie case of retaliation, Defendant had legitimate, non-retaliatory reasons for the actions taken and Plaintiff cannot establish that those reasons are a pretext for unlawful retaliation.

6. Plaintiff failed to identify or plead facts in support of his allegation that the application of a City of Kalamazoo municipal policy, practice, or custom resulted in a violation of his constitutional rights and, therefore, has failed to state a claim under 42 U.S.C. § 1983 (Count I). Further, there is not a genuine dispute as to material facts that a municipal policy, practice, or custom resulted in a violation of Plaintiff's constitutional rights.

7. Defendant has found after-acquired evidence of Plaintiff's wrongdoing that is so severe that Plaintiff would have been terminated on these newly discovered grounds alone had Defendant known of them at the time of his discharge. *See Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1168 (6th Cir. 1996).

Defendant therefore requests that this Court schedule a pre-motion conference and issue a briefing schedule accordingly.

        Respectfully Submitted,

        CLYDE J. ROBINSON
        Kalamazoo City Attorney

        By:   */s/ Richard O. Cherry*
                Richard O. Cherry (P77272)
                Deputy City Attorney
                Office of the Kalamazoo City Attorney
                241 W. South Street, Suite 301
                Kalamazoo MI, 49007

## **CERTIFICATE OF SERVICE**

I, RICHARD O. CHERRY do hereby certify that, in accordance with Fed. R. Civ. P. 5. and LR 5.7 and the General Order on Electronic Case Filing (ECF), **DEFENDANT'S FOURTH REQUEST FOR A PRE-MOTION CONFERENCE,** was served pursuant to the District Court's ECF system on May 6, 2020.

*/s/ Richard O. Cherry*

Richard O. Cherry