UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AMIR KHILLAH,

      Plaintiff,

v.

CITY OF KALAMAZOO,
a Municipal Corporation,

      Defendant.

Case No. 18-cv-00696

Hon. Janet T. Neff
United States District Judge

Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
PITT, MCGEHEE, PALMER,
BONANNI & RIVERS, P.C.
Counsel for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com

Richard O. Cherry (P77272)
Sarah R. Wenzlick (P79316)
Kalamazoo City Attorney
Counsel for Defendant
241 W South St.
Kalamazoo, MI 49007
(269) 337-8185
cherryr@kalamazoocity.org
wenzlicks@kalamazoocity.org

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FOURTH REQUEST FOR A PRE-MOTION CONFERENCE [ECF No. 49]**

    Plaintiff Amir Khillah, through counsel, responds to each paragraph of Defendant's Fourth Request for a Pre-Motion Conference (ECF No. 49) as follows:

    1.    There is at least a genuine dispute of material facts as to each claim and summary judgment is inappropriate.

    2.    The following facts, among others, support the elements of Plaintiff's discrimination claims: (1) Plaintiff was a member of a protected class as an American citizen of Egyptian descent; (2) plaintiff suffered an adverse employment action when Defendant suspended him and terminated his employment; (3) Plaintiff's supervisor, Sgt. Robert Holdwick, called

Plaintiff "hajji," a racial and ethnic slur, directed Plaintiff to ticket black motorists, and used other racially or ethnically-charged language in the workplace, including "Marine 'taftesh,' bitch" meaning, "Marine inspection/search, bitch;" and (4) the discipline that Plaintiff received, leading to termination, was disproportionate to the discipline that similarly-situated officers outside of Plaintiff's protected class received for similar or worse conduct (See, e.g., ECF No. 1, Complaint, ¶39(a) – (f)). The facts established in discovery prove the reasons asserted for termination are a merely a pretext for discrimination. The outcome of Plaintiff's arbitration grievance is not determinative because the parties have not adjudicated Plaintiff's statutory discrimination claims. *See*, *e.g.*, *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 547 (6th Cir. 2008)

3.      Plaintiff can prove the elements of his claim under the Whistleblowers' Protection and each element is properly pleaded, with factual support, in his Complaint.  (ECF No. 1, Complaint, ¶59-66, Page ID 15-16.  Furthermore, the facts established through discovery prove the reasons asserted for Plaintiff's termination are a merely a pretext.

4.      There is no reason for the City to raise this defense. Almost ten months ago, in July 2019, the parties met to discuss Defendant's third request for a pre-motion conference [ECF 38] prior to its filing.  At that time, Plaintiff's counsel informed Defendant's counsel that Plaintiff does not allege and does not intend to pursue a separate claim for harassment or hostile work environment and therefore Defendant does not need to file a motion for summary judgment based on the *Faragher/Ellerth* affirmative defense.  In any event, this affirmative defense is not applicable because Defendant suspended Plaintiff and terminated Plaintiff's employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 808(1998)(citing *Burlington Indus. v. Ellerth*, 524 U.S. 742, 762-763(1988))("No affirmative defense is available…when the supervisor's harassment

culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.")

5.  Plaintiff can prove the elements of his retaliation claim because: (1) he engaged in protected activity by reporting discrimination and harassment to the Chief of Public Safety and Human Resources: (2) Defendant suspended him and imposed disproportionate discipline, leading to termination; and (3) Defendant cannot defeat the causation element because the people who received Plaintiff's discrimination and harassment complaint deliberately withheld it from the decision-maker, Chief Thomas, for the strategic purpose of claiming she lacked knowledge of the complaints, and could not have retaliated against Plaintiff, i.e., to create the appearance of independence and non-retaliation.

6.  Plaintiff pleaded facts establishing municipal policy, practice or custom, specifically in Paragraph 48(a)-48(c) of his complaint. The decisions were official acts of the City, as Plaintiff's employer, and were made by a person with final decision-making authority, specifically Karianne Thomas, Chief of Public Safety. (ECF No. 1, Complaint, Page ID 12-13). See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483(1986)(Actions by those with final authority for making a decision constitute official policy for purposes of municipal liability under §1983); see also *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989)(42 U.S.C. §1983 provides the federal damages remedy for violation of 42 U.S.C. §1981, and municipalities may be liable under §1981 pursuant to the principles set forth in *Pembaur*).

7.  Plaintiff has established through discovery that Defendant's asserted after-acquired evidence is not truly after-acquired evidence because Defendant was aware of the alleged actions long before Plaintiff was terminated. The asserted evidence is also insufficient to sustain

Defendant's burden of proof regarding this affirmative defense. The asserted bases for this defense are merely a pretext to cover-up Defendant's unlawful motivations, after-the-fact.

For the foregoing reasons, Plaintiff opposes Defendant's motion for summary judgment, as set forth in its fourth request for pre-motion conference.

Respectfully submitted,

*/s/ Kevin M. Carlson* (P67704)
Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
PITT, MCGEHEE, PALMER,
BONANNI & RIVERS, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com

Date: May 11, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein via e-filing with the Court's ECF system on May 11, 2020.

Respectfully submitted,

*/s/ Kevin M. Carlson* (P67704)
Kevin M. Carlson (P67704)
Michael L. Pitt (P24429)
PITT, MCGEHEE, PALMER,
BONANNI & RIVERS, P.C.
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
kcarlson@pittlawpc.com
mpitt@pittlawpc.com

Date: May 11, 2020